IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

DAVID LIBRACE                                                                                                    PLAINTIFF

v.                        Case No. 2:19-cv-00078 BSM-JTK

ANDREW SAUL, Commissioner
Social Security Administration                                                        DEFENDANT

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge Brian S. Miller. A party to this suit may file written objections with the Clerk of Court within fourteen (14) days of filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong a d describe the evidence that supports that belief.

By not objecting, any right to appeal questions of facts may be jeopardized. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.    Introduction**

David Librace filed this lawsuit to appeal the decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits (DE #2, p. 2). He filed an application for benefits under Title II on May 14, 2010 (DE #9-1, p. 2). The application was denied at the initial and reconsideration levels. On or about January 12, 2016, Plaintiff filed an action in federal court (Case No. 2:16-cv-00007-PSH-DPM). The Complaint was dismissed without prejudice on November 15, 2016, but later amended to be a dismissal with prejudice on April 26,

2017.  The Eighth Circuit Court of Appeals affirmed the decision.  *Librace v. Berryhill*, 709 Fed. App'x 418 (8th Cir. 2018).  The United States Supreme Court denied certiorari.  On December 7, 2016, Librace filed a second federal action (Case No. 2:16-cv-00166-BD-KGB).  That matter was dismissed with prejudice on June 25, 2018.

Librace filed this third federal action on July 8, 2019. Pending before the Court is Defendant's Motion to Dismiss (DE #9).  Defendant contends this action should be dismissed because there is no order that is subject to judicial review under 42 U.S.C. § 405(g).  Plaintiff did not file a response to the motion.  For the reasons that follow, the Motion to Dismiss is GRANTED.

## III. Discussion

Plaintiff bases his new Complaint on new evidence submitted to the agency regarding unreported wages while he was in the witnesses protection program.  He claims the Commissioner stated "I was never in the witness protection program and demanded I provide some type of proof" (DE #2, p. 3).  He states he has asked for Court assistance but the Court has failed to review this new evidence.  The Commissioner states Plaintiff has made similar claims in the past, and has not exhausted his administrative remedies (DE #9).  Further, the Commissioner avers Plaintiff has failed to show why he could not have presented this new evidence in any of the prior proceedings, as he did not produce this evidence at the administrative level or in any pleading filed with the district court or the Eighth Circuit. *Id.*

A federal district court's jurisdiction to review decisions regarding disability benefits is governed by 42 U.S.C. § 405(g).  Under § 405(g), the court lacks subject-matter jurisdiction until "the claimant . . . present[s] a claim for benefits to the Secretary and then exhaust[s] the administrative remedies prescribed by the Secretary." *Titus v. Sullivan*, 4 F.3d 590, 592 (8th Cir.

1993) (citation omitted). In order to establish exhaustion, § 405(g) generally requires a "final decision of the Commissioner of Social Security made after a hearing."

Here, the Commissioner states Librace has not exhausted his administrative remedies to have a valid cause of action where a federal district court has jurisdiction to review the matter. The record makes clear Plaintiff has not submitted any new final decision, from an ALJ, or the Appeals Council, for our review. More importantly, however, this Court finds the matter precluded for the same reasons found in *Librace v. Social Security Admin.*, Case No. 2:16cv-166-BD-KGB—administrative and judicial claim preclusion. The current matter arises from the same alleged facts as before. A preclusion analysis generally turns on whether the claims arise out of the "same nucleus of operative facts." *United States v. Gurley*, 43 F.3d 1188, 1195 (8th Cir. 1994) (quoting *Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir. 1990)). The Court found Plaintiff did not qualify for benefits because he could not show the requisite earnings. The Eighth Circuit affirmed that decision, and the United States Supreme Court denied the request for review. *Librace v. Berryhill*, 139 S. Ct. 338, (Oct. 9, 2018). This matter is precluded, first, because social security regulations preclude one from seeking benefits for an alleged disability based on the same facts and issues the Commissioner has already found insufficient for an award of benefits, *see Hillier v. Social Security Admin.*, 486 F.3d 359, 364-365 (8th Cir. 2007), and second, because the matter has already been litigated and decided, *see In re Anderberg-Lund Printing Co.*, 109 F.3d 1343, 1346 (8th Cir. 1997). *Librace v. Social Security Admin.*, Case No. 2:16-cv-00166-BD-KGB.

**IV.     Conclusion**

The Motion to Dismiss, DE #9, should be granted and the case DISMISSED, with prejudice.

SO ORDERED this 8th day of October, 2019.

_____
UNITED STATES MAGISTRATE JUDGE